LILLIAN HOUSEN AND DONALD HOUSEN, HER HUSBAND, PLAINTIFFS, AND JOHN A. HILLMAN, EXECUTOR OF THE LAST WILL AND TESTAMENT OF BARBARA HILLMAN, DECEASED, PLAINTIFF-RESPONDENT, v. ROBERT OLESKY, RICHARD CONSTANTINO AND LOUIS CONSTANTINO, T/A ACE SERVICE STATION, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 4, 1961—Decided December 13, 1961.

Before Judges CONFORD, FREUND and LABRECQUE.

*Mr. Roy G. Simmons* argued the cause for defendants-appellants (*Messrs. Camp & Simmons,* attorneys; *Mr. William E. O'Connor, Jr.,* on the brief).

*Mr. Edward W. Haines* argued the cause for plaintiff-respondent (*Messrs. Haines & Schuman,* attorneys).

The opinion of the court was delivered by

CONFORD, S. J. A. D. This appeal brings in question aspects of the trial procedure in this death action, wherein there was a recovery of $10,000 for the death of the 78-year-old decedent, mother of the nominal plaintiff, John A. Hillman, suing under the statute as executor, and of Lillian Housen, who had a separate recovery for her own injuries arising out of the same accident. The latter judgment is not involved on this appeal. The verdict and judgment in the death action were in the sum of $10,000. The named children of the decedent are her only next of kin, within the class of potential beneficiaries of the recovery in such an action, as the statute read on July 25, 1960, when the fatal accident occurred. *N. J. S.* 2A:31-4. (Note changes in the statute effected by *L.* 1960, *c.* 194, effective February 15, 1961.)

The first ground of appeal is that the court erred in permitting requests for instructions to the jury to be made orally by the attorney for the plaintiff, particularly in the presence of the jury. Plaintiff's attorney explains that, liability having been conceded by defendants, the case was concluded earlier than he expected and that this circumstance together with other demands upon his time prevented his preparing and submitting written requests by the

time the presentation of the evidence was concluded, as contemplated by *R. R.* 4:52–1.

Plaintiff's first oral requests to charge were by direction of the court transformed to writing, so no impropriety can be argued in respect thereof, although it would have been preferable to conduct the proceedings on the requests out of the hearing of the jury. The later requests in question followed the delivery of the charge by the court. These concerned the tables of life expectancy and of the present value of the receipt of future income, not mentioned in the charge. These matters, especially the latter, were important, if not essential to a complete and proper charge; counsel might well have expected these subjects to be treated in the charge without advance request. We do not regard entertainment of an oral request in relation to their omission from the charge as given as erroneous in and of itself. See *Lambert v. Trenton and Mercer County Traction Corp.,* 103 *N. J. L.* 23 (*Sup. Ct.* 1926), affirmed 104 *N. J. L.* 175 (*E. & A.* 1927).

Defendants particularly stress that in relation to the request for discounting to present capitalized value Mrs. Housen's future pecuniary losses ensuing from her mother's death, the court merely stated, "I so charge," when plaintiff's counsel made the following request:

"My request is that the jury may consider the present value of one dollar per annum at 3 per cent interest of an annuity of one dollar during life, first payment to be made at the end of the year, in computing the loss suffered by Mrs. Housen, the plaintiff, from the death of her mother, and that if the values so given are of one dollar, they may compute on the basis of the contribution made by her mother to her maintenance and support."

We emphatically express our disapproval of a trial court's saying, "I so charge," or words to that effect, by way of purported communication to the jury of the substance of a request to charge stated by counsel. Aside from the consideration that such requests ought to be made out of the hearing of the jury, so that it not be confused as to

what it has already been charged by colloquy in respect of a requested supplement, see *R. R.* 4:52–1 (last sentence), the jury should hear the substantive charge or any amplification thereof *verbatim* from the judge himself. It cannot be expected to be listening attentively to the proffering to the judge of a request to charge by counsel and to adequately apprehend its purport retrospectively pursuant to a subsequent indication of approval of the request by the court. If the judge agrees with the requested charge, he should repeat it in full to the jury. For purposes of defendants' argument, accordingly, it may be assumed, as we are confident is the fact, that the reading and approval of the request in question did not operate to register its contents in the minds of the jurors as an instruction to be followed by them in their deliberations. However, de· fendants did not object to this specific deficiency in the proceedings, and we find no manifest ensuing injustice to defendants for the following reasons:

First, defendants are obviously in no worse position by reason of this part of the charge having been given ineffectively than if it had not been given at all; and they could not have complained at the omission from the charge of the entirety of this particular subject matter in the absence of a request that it be included. See *Cross v. Robert E. Lamb, Inc.,* 60 *N. J. Super.* 53, 81 (*App. Div.* 1960).

Second, had the jury been charged the request in proper fashion, it could not have intelligently applied it without being informed at the same time as to, and told to use, an appropriate figure representing present value of $1.00 per annum at an approved rate of interest during the life expectancy of the decedent. The figure of $5.8836 computed at 3% interest is set forth in the court-approved Table of Mortality (Appendix to Part IV of the Rules of Civil Practice). No such present value figure was at the time mentioned by court or counsel. While the $5.8836 figure was mentioned by the court with approval earlier in the colloquy, it could not have been clearly understood

by the jury as intended for inclusion in the particular request quoted above.

We thus conclude the attempt of plaintiff to procure a charge to the jury on "present value" was, in effect, frustrated, and that what did occur was harmless to defendants.

Defendants also object to the use of the Tables of Mortality and of Life Expectancy in the charge without their having been formally introduced into evidence and without the qualifying instruction that they are only *prima facie* proof of the facts contained therein. *R. R.* 4:45A. As a matter of strictly proper procedure, defendants are correct on both counts. However, here again, they offered no objection in these respects at the time of the charge, and we find no plain error. See *Valls v. Paramus Bathing Beach, Inc.*, 46 *N. J. Super.* 353, 358 (*App. Div.* 1957). Defendants were apprised from plaintiffs' opening and closing addresses to the jury that the tables were being relied upon by the plaintiffs as part of their proof. Moreover, plaintiffs' counsel was at pains in summation to inform the jury that the life expectancy tables represented only averages, and that a particular individual might live less or more years than the indicated average.

Finally, defendants in their brief argue plain error in that the court's charge failed expressly to inform the jury that it should determine whether Lillian Housen was a dependent of the decedent. It may be noted that the court read to the jury the provisions of *N. J. S.* 2A:31-4 which concern the factor of dependency of the next of kin. Moreover, it was implicit elsewhere in the charge that the jury should pass upon Lillian Housen's dependency upon decedent. However, the dispositive consideration is that under the circumstances of this case it makes no difference whether Lillian Housen was a dependent. It was conceded that the only other next of kin, the plaintiff John A. Hillman, was not a dependent. The statute provides that where "all or none" of the next of kin are dependent on decedent, "they shall all take * * *." Consequently,

there could be recovery for the pecuniary losses of, at least, Lillian Housen, whether or not she was a dependent. See *Carianni v. Schwenker,* 38 *N. J. Super.* 350, 364 (*App. Div.* 1955).

Affirmed.